# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff-Appellee,<br><br>　v.<br><br>JUAN ELVIRA-GARCIA,<br><br>　　　　　　　Defendant-Appellant. | Case No.: 19-mj-24519-RNB-DMS<br><br>**ORDER AFFIRMING JUDGMENT OF CONVICTION** |

Pending before the Court is Defendant-Appellant Juan Elvira-Garcia's appeal from his misdemeanor conviction for attempted improper entry in violation of 8 U.S.C. § 1325(a)(1). Defendant pled guilty before a magistrate judge pursuant to a plea agreement. (ECF Nos. 21–22.) Defendant timely appealed to this court. (ECF No. 24.) On March 1, 2024, Defendant filed his opening brief. (ECF No. 42.) The United States filed its answering brief on March 29, 2024 (ECF No. 43), and on April 13, 2024, Defendant replied (ECF No. 44). The Court finds this matter appropriate for decision without oral argument. For the reasons discussed below, the Court affirms the conviction.

## I.　BACKGROUND

On November 29, 2019, Border Patrol agents arrested Defendant concealed in brush approximately 30 miles east of the Tecate, California port of entry, and approximately 150 yards north of the United States-Mexico border. After being advised of his *Miranda* rights,

Defendant admitted he was a citizen of Mexico illegally present in the United States and that he entered the United States unlawfully earlier that day. Defendant was charged with misdemeanor improper attempted entry in violation of 8 U.S.C. § 1325(a)(1). At the time of his arrest, Defendant was on probation in connection with a controlled substance conviction in Utah state court, dated June 24, 2019.

At his initial appearance on December 2, 2019, United States Magistrate Judge Robert N. Block ordered Defendant temporarily detained pending a status hearing set for December 12, 2019. (ECF Nos. 3, 7.) At that status hearing, United States Magistrate Judge Robert A. McQuaid granted the United States' motion to detain based on serious risk of flight, citing Defendant's criminal history and lack of ties to the Southern District of California as the main factors for his ruling. (ECF No. 8; No. 42-1, at 16–19.) Defendant moved for reconsideration. (ECF No. 11.) United States Magistrate Judge Barbara Lynn Major denied his motion, citing his June 2019 controlled substance conviction and subsequent deportation in July 2019. (ECF No. 42-1, at 25–26.) Defendant then appealed the magistrate judges' orders of detention to the undersigned district judge. (ECF No. 13.) On January 3, 2020, the undersigned affirmed the magistrate judges' orders of detention and found that Defendant had a very strong incentive to flee and that no conditions of release could reasonably assure Defendant's appearance as required. (ECF Nos. 19, 37.)

Soon thereafter, on January 8, 2020, Defendant appeared before Magistrate Judge Block, pled guilty, and was sentenced to time served. (ECF Nos. 21–22.) Judge Block determined that Defendant's guilty plea was freely given and voluntarily made with the Defendant's full knowledge of the nature of the charge and the consequences of his guilty plea. (ECF No. 42-1, at 60.) On January 10, 2020, Defendant timely filed a notice of appeal. (ECF No. 24.)

## II.  STANDARD OF REVIEW

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402. A district court's review

of a magistrate judge's decision "has the same scope as the court of appeals' review of a district court."  *United States v. Mateo-Martinez*, No. 19-MJ-23373-MSB-GPC, 2024 WL 112495, at *2 (S.D. Cal. Jan. 10, 2024), *appeal docketed*, No. 24-257 (9th Cir. Jan. 16, 2024) (citing Fed. R. Crim. P. 58(g)(2)(D)).  The Court reviews the magistrate judge's legal conclusions de novo, *United States v. Biotronik, Inc.*, 876 F.3d 1011, 1016 (9th Cir. 2017), and its findings of fact for clear error, *United States v. Brobst*, 558 F.3d 982, 998 (9th Cir. 2009).

Defendant's claim of an involuntary coerced plea is subject to plain error review, not de novo review, because he did not raise the issue during his plea colloquy.  *See United States v. Jimenez-Dominguez*, 296 F.3d 863, 866 (9th Cir. 2002) ("[A] defendant who raises a Rule 11 error for the first time on appeal may obtain reversal predicated upon the violation only by showing that there was plain error.")  To establish plain error, Defendant must demonstrate (1) error, that is (2) "clear or obvious, rather than subject to reasonable dispute," and that (3) "affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the [trial] court proceedings."  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  The reviewing court may in its discretion remedy the plain error only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings" and the first three prongs are met.  *Id.*

### III.   DISCUSSION

Defendant raises three challenges to his conviction: (1) Defendant's guilty plea was involuntary because he was improperly ordered detained after his arrest; (2) the statute under which he was charged, 8 U.S.C. § 1325(a)(1) violates the Fifth Amendment's equal protection guarantee as articulated in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 266 (1977); and (3) the magistrate judge erred in not advising Defendant that knowledge of alienage is an element of his offense.  The Court rejects these arguments for the reasons explained below.

**A. Voluntariness of Plea**

Defendant argues that his plea was not voluntary and intelligent because he was

improperly ordered detained after his arrest which, in combination with the Government's plea offer for a sentence of time served, wrongfully coerced him into pleading guilty in violation of the Bail Reform Act, the Eighth Amendment's bar against excessive bail, and the right to due process under the Fifth Amendment. The Government argues in response that Defendant cannot prevail on this argument because his post-arrest detention was lawful; and alternatively, Defendant's plea was voluntary irrespective of the legality of his post-arrest detention. The Court concludes Defendant has not demonstrated that his plea was made involuntarily because he has not shown that he was improperly detained.

"[A] plea must be voluntary to be constitutional." *United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001). "To be voluntary, a plea must be one in which the defendant is permitted to choose between pleading guilty and undergoing a trial that comports with the fundamental principles the Constitution imposes." *United States v. Hernandez*, 203 F.3d 614, 626 (9th Cir. 2000), *overruled on other grounds by Indiana v. Edwards*, 554 U.S. 164 (2008). "A guilty plea is involuntary if it is the product of threats, improper promises, or other forms of wrongful coercion." *Id.* But "[n]ot all forms of coercion are wrongful, of course; after all, '[t]he State to some degree encourages pleas of guilty at every important step in the criminal process.'" *Id.* (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)). "[B]eing forced to choose between unpleasant alternatives is not unconstitutional." *Kaczynski*, 239 F.3d at 1115–16.

Defendant was not wrongfully coerced into pleading guilty because the magistrate judges and this Court did not err in denying Defendant bail and ordering his detention after his arrest. The Bail Reform Act requires a court to release a defendant on personal recognizance or appearance bond unless it "determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(c). "[P]retrial detention is permitted only if a judicial officer determines that there is no condition of release, or combination of conditions, which would reasonably assure the appearance of the defendant and the safety of the community." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198

(9th Cir. 2019). "On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015). The court "must 'conduct an individualized evaluation that is guided by the factors articulated at 18 U.S.C. § 3142(g).'" *United States v. Contreras-Avalos*, No. 22-MJ-4180-DDL, 2022 WL 17652836, at *2 (S.D. Cal. Dec. 13, 2022) (quoting *Diaz-Hernandez*, 943 F.3d at 1199). Those factors include: (1) the nature and seriousness of the offense charged; (2) the defendant's character, physical and mental condition, and family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; (3) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release; and (4) the weight of the evidence against the defendant. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). However, the weight of the evidence is the least important factor, and the court may not make a pretrial determination of guilt. *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986). Lastly, "[a]lienage may be taken into account, but it is not determinative." *Santos-Flores*, 794 F.3d at 1090.

On review of the magistrate judges' orders of detention, this Court found that the magistrate judges had correctly determined there was a serious risk of Defendant's flight and that no conditions or set of conditions could reasonably assure Defendant's future appearance. This Court now reaffirms that conclusion. Defendant lacked lawful status to live or work in the United States and had reentered the United States while on probation after having recently been removed. The potential for Defendant's removal following conviction increased the likelihood that he would fail to appear for court appearances and would attempt to evade prosecution. Accordingly, Defendant had "a strong incentive to abscond to avoid removal." *Contreras-Avalos*, 2022 WL 17652836, at *3 (citing *United States v. Araujo-Salas*, No. 19MJ4179-WQH, 2019 WL 4963012, at *2 (S.D. Cal. Oct. 8, 2019)). In addition, Defendant's return to the United States unlawfully following his recent deportation "le[ft] the Court with little confidence" that Defendant would "be able to follow the Court's order to appear for further proceedings if released on bail." *United States v.*

*Turijan-Cruz*, No. 20-CR-416-H, 2020 WL 12182469, at *2 (S.D. Cal. Apr. 7, 2020). Although the Court considered Defendant's family and community ties in Utah, the Court reaffirms its conclusion that the magistrate judges properly found that "no condition or combination of conditions will reasonably assure the appearance of" Defendant in light of his circumstances, 18 U.S.C. § 3142(e)(1), and lawfully ordered him detained after his arrest. *See United States v. Osuna-Villa*, No. 18-CR-3979-WQH, 2018 WL 9961830, at *2 (S.D. Cal. Oct. 26, 2018) (holding defendant properly detained given "strong motive not to appear" on account of criminal history, "lack of legal status," and possible incarceration and "certain deportation" if convicted).[1]

For the reasons explained, Defendant's pretrial detention was not error much less "clear or obvious" error necessary to prevail on plain error review. *Puckett*, 556 U.S. at 135. Because Defendant was not wrongfully detained, his detention did not "impose[] [an] unreasonable constraint[]" on his decision to plead guilty, *Hernandez*, 203 F.3d at 627, and the argument that he was improperly coerced into pleading guilty due to wrongful detention necessary fails. The Court need not address the Government's remaining arguments.

**B. Equal Protection**

Defendant argues his prosecution violates the Fifth Amendment's equal protection guarantee as articulated in *Arlington Heights*, however, Defendant acknowledges that the Ninth Circuit foreclosed this argument in *United States v. Carrillo-Lopez*, 68 F.4th 1133, 1154 (9th Cir. 2023) ("We conclude that Carrillo-Lopez did not meet his burden to prove that Congress enacted § 1326 because of discriminatory animus against Mexicans of other Central and South Americans … and we reject Carrillo's equal protection claim.").

---

[1] Defendant further argues that there was no basis for Defendant's detention because the government asked the magistrate judge to detain Defendant based on mere "risk" of flight rather than the statutory requirement of "*serious* risk that [the defendant] will flee," 18 U.S.C. § 3142(f)(2)(A) (emphasis added). (Def.'s Br. at 8, ECF No. 42, at 12.) However, this Court has concluded that the circumstances presented before the magistrate judges properly supported a finding of serious risk of flight consistent with the requirements of 18 U.S.C. § 3142(f). The record does not suggest that the magistrate judges or this Court applied an incorrect standard or conflated "serious risk" of flight with mere "risk" of flight.

Although Defendant argues this case was wrongly decided by the Ninth Circuit, the Court is bound to follow Ninth Circuit precedent and therefore must reject Defendant's equal protection challenge.

### C. Rule 11

Defendant further argues that knowledge of alienage is an element of the underlying offense and the magistrate judge erred in failing to advise Defendant of the elements of the charged crime. However, the Ninth Circuit conclusively rejected this argument as well in *United States v. Rizo-Rizo*, 16 F.4th 1292, 1299 (9th Cir. 2021) ("We therefore hold that knowledge of alienage is not an element of § 1325(a)."). Accordingly, the Court rejects Defendant's argument because it is foreclosed by binding circuit precedent.

### IV.   CONCLUSION

For the reasons stated above, the Court **AFFIRMS** the judgment of conviction.

**IT IS SO ORDERED.**

Dated:  May 7, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court